**RURAL AMERICA, INC., Plaintiff,**

v.

**Raymond G. DONOVAN, Defendant.**

**Civ. A. No. 84–2376.**

United States District Court,
District of Columbia.

Nov. 13, 1984.

James L. Feldesman, Washington, D.C., for plaintiff.

Richard A. Stanley, Asst. U.S. Atty., Washington, D.C., for defendant.

## MEMORANDUM OPINION AND ORDER

THOMAS F. HOGAN, District Judge.

The plaintiff in this action, Rural America, Inc. ("Rural America"), is a non-profit organization, incorporated under the laws of the District of Columbia, that works to advance the interests of low income people in rural areas. In October 1977 Rural America entered into an agreement with the Department of Labor's Employment and Training Administration ("DOL/ETA") which obligated the plaintiff to subgrant funds appropriated by Congress under the Economic Stimulus Appropriation, Public Law No. 95–29 (May 13, 1977), 91 Stat. 122–125, to community organizations in rural areas nationwide. On August 2, 1984 plaintiff filed this action for declaratory and injunctive relief, including its motion for a preliminary injunction, challenging the defendant's authority to assess a debt of approximately $1.45 million against plaintiff for allegedly misspent grant funds without first affording plaintiff a hearing regarding the validity of the debt.

This Court granted defendant numerous extensions of time for its response, based on the representation that the parties were agreed in principle on settlement. Finally, on October 15, 1984 the defendant filed a motion to dismiss under Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure. Defendant's motion asserts that the plaintiff has failed to state a claim, and that this Court lacks subject matter jurisdiction, due to the absence of a justiciable case or controversy. Defendant asserts that it has been and remains ready to afford plaintiff a full due process hearing on the claimed

debt under the Comprehensive Employment and Training Act of 1973, 29 U.S.C. § 801, *et seq.* ("CETA") and regulations promulgated under that Act. *See* 20 C.F.R. §§ 676.88(f) and 676.89, *et seq.*[1]

After hearing oral argument on the merits of plaintiff's complaint[2] and defendant's motion to dismiss, and upon reconsideration of the defendant's motion and the nature of the relief requested in the complaint, the Court concludes that the defendant's motion to dismiss must be granted.

### Background

As noted above, the October 1977 grant awarded to Rural America consisted of funds appropriated by Congress under "Economic Stimulus" legislation, an appropriation enacted to provide a rapid infusion of additional federal funds into the economy by enlarging already-existing federal programs. In enacting this legislation it was Congress' intention to distribute a large portion of the funds to grantees who were already receiving DOL funds for job training programs under CETA. *See* 123 CONG.REC. 13091–13093 (1977). In fact, in administering the Economic Stimulus grant funds, DOL/ETA used CETA grant forms which, by their terms, referred to CETA and CETA regulations.

After receiving the Economic Stimulus grant, Rural America was audited by DOL/ETA. On September 4, 1982 DOL/ETA issued a final determination on its audit, concluding that Rural America had misspent $1,451,636 of grant funds. This notification also advised Rural America that it could appeal the disallowance to DOL's Office of Administrative Law Judges (OALJ) for a *de novo* hearing. Rural America filed an appeal on October 5, 1982.

---

**1.** CETA was repealed by Pub.L. No. 97–300, Title I, § 184(a)(1), 96 Stat. 1357 (1982). Subsequently, CETA was replaced with the Job Training Partnership Act of 1983, 29 U.S.C. § 1501, *et seq.*, which took effect October 1, 1983.

**2.** In Plaintiff's Opposition to Defendant's Motion to Dismiss, and Plaintiff's Motion to Schedule a hearing, the plaintiff indicated that it regarded this case as ready for a final decision on the merits under F.R.C.P. 65(a)(2), rather than simply a ruling on the preliminary injunction.

Throughout the auditing process, Rural America had reminded DOL/ETA that the funds at issue derived from the Economic Stimulus legislation rather than directly from CETA.[3] When Rural America filed its appeal of the September 4, 1982 debt assessment with the OALJ, it remained concerned over DOL/ETA's failure to draw a distinction between these grant programs. Rural America was particularly concerned over this matter with respect to the appeals process, in light of its perception that the OALJ's jurisdiction arose under CETA and should consequently be strictly limited to appeals regarding CETA funds. Therefore, favoring an early resolution of this issue, Rural America itself questioned the OALJ's jurisdiction. As an alternative to its receiving a CETA hearing, Rural America favored a consent to jurisdiction, suggesting a special grant of jurisdiction from the defendant to the OALJ, allowing the non-CETA appeal to be heard under CETA procedures and regulations.

DOL/ETA, however, fully opposed Rural America's challenge to the OALJ's jurisdiction. While recognizing that non-CETA funds were involved, DOL/ETA took the position that CETA appeal procedures were nevertheless fully applicable, rendering the defendant's consent to jurisdiction, and a special grant of jurisdiction to the OALJ, unnecessary and improper. The defendant argued that the hearing could, and should, be held under CETA regulations since the legislative history of the Economic Stimulus appropriation clearly indicated that the funds were to be used to further the CETA program.

Nevertheless, on April 24, 1984 an Administrative Law Judge (ALJ) ruled on the jurisdictional issue, stating that the OALJ lacked jurisdiction over appeals involving non-CETA funds "where jurisdiction is not expressly conferred on this office." Following this ruling, on May 29, 1984, the defendant sent a demand for the debt of $1,451,636, asserting that this debt was re-established by the ALJ's decision dismissing the appeal for lack of jurisdiction. The plaintiff then instituted this action. Plaintiff asserts that it is entitled to a hearing prior to establishment of the debt either (1) under CETA, with DOL correcting any jurisdictional deficiencies in its regulations, (2) contractually, utilizing CETA procedures, by virtue of the use of CETA grant forms in granting Economic Stimulus legislation, or (3) under the Due Process Clause, with procedures imitating a CETA hearing.

## Discussion

Despite the ALJ's eventual ruling that the OALJ lacked jurisdiction over the plaintiff's appeal of the debt assessment, it is nevertheless clear that the appeal was initially filed by the plaintiff under CETA regulations. Accordingly, under those regulations, the ALJ's April 24, 1984 decision that he lacked jurisdiction became the final decision of the Secretary 30 days later in the absence of any action by the Secretary to vacate or modify that decision. 20 C.F.R. § 676.91(f) (1984). It is clear, therefore, that upon the expiration of 30 days, and with the May 26, 1984 reassessment of the debt without a hearing, a case or controversy existed between the parties. This Court finds, however, that upon the filing of the defendant's motion to dismiss and its position announced in open court, the controversy ceased to exist.

In defendant's motion to dismiss, the defendant Secretary of Labor asserts his position that plaintiff is entitled to a full due process hearing under CETA, 29 U.S.C. § 801, *et seq.*, and the regulations found at 20 C.F.R. §§ 676.88(f) and 676.89, *et seq.* The Court finds that the position adopted by the Secretary in the motion to dismiss and the hearing in this matter effectively vacated and reversed the April 24, 1984 decision of the ALJ, giving the OALJ juris-

**3.** Although DOL/ETA originally disagreed that the funds at issue were non-CETA funds, it eventually recognized that the grant arose under the Economic Stimulus Legislation. *See* Complaint ¶¶ 23 & 30.

diction to conduct a hearing under CETA.[4] Therefore, since plaintiff requested a CETA hearing or a CETA-like hearing, recognizing that such a procedure would fully comport with due process, there is no remaining controversy between the parties.

The defendant's effort to place blame on the plaintiff for raising the jurisdictional issue is misplaced given the plaintiff's good faith concern with a genuine issue of statutory interpretation. The Court does, however, find it extremely regrettable that the plaintiff was forced to undertake the burden and expense of this action to get the agency to adopt a consistent position regarding the plaintiff's desire for a hearing. Rather than involve this Court in unraveling the defendant's incongruous position that the OALJ had jurisdiction under CETA despite the ALJ's decision, the Secretary should have simply reversed the ALJ's decision on its own initiative at the administrative level.

Moreover, although not raised by the defendant, this Court questions whether it could exercise jurisdiction between these parties even in the presence of a case or controversy. Despite the ALJ's ruling that he did not have jurisdiction under CETA, that decision was nevertheless a jurisdictional ruling under CETA, involving an interpretation of the relationship between that Act and the Economic Stimulus Legislation with respect to proceedings for complaints and sanctions, and was rendered as part of a CETA appeals process. Therefore, judicial review of that decision, standing as the final decision of the Secretary, may have been more properly sought in the Court of Appeals. *See* 29 U.S.C. § 817(a).

In any event, recognizing that the Secretary has overruled the ALJ's decision by virtue of the motion to dismiss filed with this Court, the Secretary's current position that an appeal may be had under CETA is clearly a decision regarding complaints and sanctions under CETA, thereby placing any further judicial review in the United States Courts of Appeals. *See* 29 U.S.C. § 817(a). Likewise, any appeal of the merits of the debt assessment after a hearing before the ALJ lies with the Court of Appeals. *Id.*

Therefore, for the reasons set forth above it is this 13th day of November, 1984,

ORDERED that this action is hereby dismissed in light of defendant's reversal of the April 24, 1984 decision of the Administrative Law Judge, as embodied in defendant's motion to dismiss and the representation that plaintiff will now be accorded its hearing.

---

**4.** The Court is not concerned that this reversal of the ALJ's decision came more than 30 days after the ALJ ruled. It is apparent from a complete reading of the regulations that the thirty-day period for reversal or modification of the OALJ's decision set forth at 20 C.F.R. § 676.91(f) (1984) was intended primarily to mark the "finality" of the decision for purposes of exhaustion of a grantee's administrative remedies, to allow the party to seek judicial review of an adverse decision under the Administrative Procedure Act. *See* 20 C.F.R. § 676.92(a) (1984). On the other hand, in the event that grantee obtains a favorable decision from the OALJ, the thirty day limitation bars subsequent reconsideration by the Secretary that would work to the detriment of the grantee. Neither of these situations is involved in the present case.